Christopher F. Wohl, SBN: 170280
Tiffany Tran, SBN: 294213
PALMER KAZANJIAN WOHL HODSON LLP
2277 Fair Oaks Boulevard, Suite 455
Sacramento, CA 95825
Telephone:   (916) 442-3552
Facsimile:    (916) 640-1521

Attorneys for Respondent
SHINGLE SPRINGS BAND OF MIWOK INDIANS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE INTERNATIONAL UNION,<br><br>           Petitioner,<br><br>v.<br><br>SHINGLE SPRINGS BAND OF MIWOK INDIANS; DOES 1-100,<br><br>           Respondent. | Case No. 2:16-CV-00384-TLN-EFB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS<br><br>Date:   May 19, 2016<br>Time:  2:00 p.m.<br>Courtroom: 2, 15th Floor |

## I.   INTRODUCTION

Petitioner UNITE HERE INTERNATIONAL UNION ("Petitioner") initiated this original proceeding against SHINGLE SPRINGS BAND OF MIWOK INDIANS ("Respondent") by filing a "Petition to Compel Arbitration" (the "Petition"). The Petition asserts one cause of action for an "order compelling arbitration" which is improper under the Federal Rules of Civil Procedure. Petitions instituting suit without a concurrent complaint are treated as *motions* in accordance with the Federal Arbitration Act. The Petition therefore fails to state a cause of action upon which relief may be granted as to its sole cause of action. Accordingly, Respondent moves to dismiss Petitioner's sole cause of action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. RELEVANT FACTS AND PROCEDURAL BACKGROUND

Petitioner and Respondent have entered into a Memorandum of Agreement ("MOA") dated June 26, 2012. The MOA sets forth the parameters for the representation process and includes provisions regarding neutrality, the card check recognition procedure and picketing. The MOA also includes a provision regarding dispute resolution and states, in relevant part as follows:

> The Parties agree that any disputes over the interpretation or application of this Agreement shall be submitted first to mediation arranged through a mutually agreeable mediator such as, by way of illustration only, the American Arbitration Association. If after a minimum of 30 business days after submission of the dispute to a mediator, a mutually satisfactory agreeable mediator is not chosen after impasse over any dispute, then either the Tribe or the Union may submit the dispute(s) to expedited and binding arbitration before an arbitrator selected from the TLP. The arbitrator shall not modify, add to or subtract from this Agreement. The arbitrator shall follow the arbitration procedures prescribed in the TLRO. The arbitrator shall have the authority to order the non-compliant party to comply with the Agreement. The Parties hereto agree to comply with any order of the arbitrator, which shall be final and binding, and shall be enforceable as provided in the TRLO. See MOA, Section 10.

Petitioner seeks to arbitrate the Tribe's intramural personnel decisions to terminate two employees pursuant to Section 10 of the MOA. The Tribe contends that any arbitration over an intramural personnel decision prior to the Union establishing majority status is unlawful and violates Section 8(a)(2) of the National Labor Relations Act, as well as similar provisions under the MOA and tribal law. The Tribe contends that the Section 10 of the MOA is limited to disputes over the interpretation or application of the MOA, and the Tribe's intramural personnel decisions do not fall within the gambit of Section 10. To be sure, the MOA contains no provisions regarding employee discipline and/or termination and is further silent on any employee remedies such as back pay and/or reinstatement. Moreover, employees of the Tribe are not parties to the MOA and do not have standing to seek any relief under the MOA. Accordingly, the Tribe refuses to arbitrate any employee termination and/or disciplinary action under the MOA as proceeding with such arbitration is tantamount to treating the MOA like a collective bargaining agreement, which it is certainly not.

On or about February 22, 2016, Petitioner filed a Petition to Compel Arbitration alleging one cause of action for an order compelling arbitration. Petitioner requested that the Court enter a "judgment" in its favor and compel Respondent to submit to arbitration all disputes with Petitioner

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS

2.

regarding interpretation or application of the MOA pursuant to Section 10 of the MOA, including but not limited to disputes over the discharges of two former employees of the Tribe.[1]

On or about February 29, 2016, Petitioner properly served the Petition, along with a Summons, on Respondent.

### III.   LEGAL ARGUMENT

A Rule 12(b)(6) motion tests the legal sufficiency of the claim stated in the complaint. Strom v. United States (9th Cir. 2011) 641 F.3d 1051, 1067. For purposes of Rule 12(b)(6), "claim" means a set of facts that, if established, entitle the pleader to relief. Bell Atlantic Corp. v. Twombly (2007) 550 U.S. 544, 555. A Rule 12(b)(6) dismissal is proper when the complaint either fails to allege a "cognizable legal theory" or fails to allege sufficient facts "to support a cognizable legal theory." Shroyer v. New Cingular Wireless Services, Inc. (9th Cir. 2010) 622 F.3d 1035, 1041; see Seismic Reservoir 2020, Inc. v. Paulsson (9th Cir. 2015) 785 F.3d 330, 335 (Rule 12(b)(6) dismissal can be based on dispositive legal issue). In addition, to survive a Rule 12(b)(6) motion to dismiss, the facts alleged must state a "facially plausible" claim for relief. Shroyer, 622 F3d at 1041.

Here, the Petition seeks an order compelling the parties to arbitrate the termination of two former Tribe employees. The Petition, however, couches the request as a "cause of action" for an "order compelling arbitration." While a broad interpretation is given to "action" in the Federal Rules of Civil Procedure, there is no legally cognizable right of action for an "order compelling arbitration." See Bridgeport Mgmt., Inc. v. Lake Mathews Mineral Props., Ltd., No 14-cv-00070-JST, 2014 WL 953831, at *2 (N.D. Cal. March 6, 2014) ("petitions to compel arbitration filed as instituting suit are not "actions" to which responsive "pleadings" are possible in the first instance"); ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 112 (2d. Cir 2012) (voluntary dismissals pursuant to FRCP 41 do not apply to petitions to compel arbitration filed as instituting document of a suit). Indeed, the Federal Rules of Civil Procedure draw a clear and consistent distinction between "pleadings" and "motions." Compare F.R.C.P. 7(a) with F.R.C.P. 7(b)(1)-(2); see also F.R.C.P. 11(a)-(b), 12(b). Moreover, FRCP 7(a) exhaustively sets forth the various "pleadings" available under the FRCP. Motions are not enumerated under that subsection, but are rather discussed in

---

[1] The Tribe disputes that Union's contention that the discharges concern the interpretation or application of the MOA.

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS                                3.

FRCP 7(b). See F.R.C.P. 7(b)(1) ("A request for a court order must be made by motion."). Consistent with this principle, the Federal Arbitration Act ("FAA") provides that petitions for orders compelling arbitration are made and heard "in the manner provided by law for the making and hearing of **motions**." Id. § 6 (emphasis added).

As set forth above, Petitioner's failure to serve Respondent with a concurrent complaint renders Respondent unable to properly respond pursuant to the FRCP.[2] The Petition has failed to state a cause of action upon which relief may be granted because an "order compelling arbitration" is not an action under the FRCP. Accordingly, Respondent's motion to dismiss under FRCP 12(b) should be granted.

## IV.   CONCLUSION

The Petition to Compel Arbitration is procedurally defective. The Petition sets forth one cause of action for an "order compelling arbitration." However, Petitioner's request for an "order" is not a cause of action, but a motion. In light of this deficiency, the Petition should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Respondent respectfully requests that the Court grant its Motion to Dismiss in all respects.

Dated: March 21, 2016                    PALMER KAZANJIAN WOHL HODSON LLP


By: /s/ Christopher F. Wohl
    Christopher F. Wohl
    Tiffany Tran

    Attorneys for Respondent
    SHINGLE SPRINGS BAND OF MIWOK INDIANS

---

[2] Moreover, Eastern District Local Rule 230 sets forth the proper notice and motion procedures with which parties must comply. Rule 230(b) states, in relevant part:
> Except as otherwise provided in these Rules or as ordered or allowed by the Court, all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge. The moving party shall file a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion. The matter shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard not less than twenty-eight (28) days after service and filing of the motion.

The Petition failed to properly notice its motion to compel arbitration, thus also rendering Respondent unable to determine when to file its opposition.

PALMER KAZANJIAN WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS              4.