KRISTIN L. MARTIN (SBN 206528)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 800
San Francisco, CA 94105
Telephone:    (415) 597-7200
Facsimile:    (415) 597-7201
E-mail:       klm@dcbsf.com

*Attorney for Petitioner*
*UNITE HERE International Union*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE INTERNATIONAL UNION, | Case No. 2:16-cv-00384 |
| Petitioner, | |
| | **UNITE HERE'S OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| SHINGLE SPRINGS BAND OF MIWOK INDIANS; DOES 1-100, | |
| Respondent. | |

## INTRODUCTION

The motion to dismiss should be denied because § 301 of the Labor Management Relations Act authorizes federal courts to compel arbitration of disputes over labor contract violations. *Textile Workers v. Lincoln Mills of Ala.*, 353 U.S. 448, 450-51 (1957). It is immaterial that the initial pleading in this case was entitled "Petition to Compel Arbitration." That is standard practice in the Ninth Circuit when suing to compel arbitration under a labor contract and, in any event, Petitioner UNITE HERE International Union ("Union") is willing to amend the pleading's title so that it is named "Complaint and Petition to Compel Arbitration."

The Union brought this suit to compel arbitration of the question whether Respondent Shingle

Springs Band of Mission Indians ("Tribe") violated a written agreement it made with the Union when it discharged of two casino employees because they supported unionizing. That agreement contains a broad arbitration clause, covering all disputes concerning interpretation or application of the agreement with no exceptions. The Tribe asserts that the dispute does not concern interpretation or application of the parties' agreement, but that is not a basis for dismissing the suit. Rather, the Tribe's argument demonstrates why arbitration should be ordered: so that an arbitrator can decide whether the Tribe violated the agreement. The Supreme Court has repeatedly instructed that when a labor contract provides for arbitration, courts should specifically enforce that promise and order arbitrate without considering the contractual arguments. *AT&T Technologies v. Communication Workers*, 475 U.S. 643, 649-50 (1986)' *Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 567-68 (1960); *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584-85 (1960).

**Statement of Relevant Allegations**

The Union is a labor organization; and the Tribe owns and operates the Red Hawk Casino. Petition, ¶¶ 2-3. Respondent Shingle Springs Band of Miwok Indians ("the Tribe") owns and operates the Red Hawk Casino. Petition, ¶ 3. The Union and the Tribe entered into a Memorandum of Agreement ("Agreement") that establishes procedures for organizing employees of the Red Hawk Casino. Petition, ¶ 16 & Exh. A. The Agreement contains a dispute resolution procedure which culminates in arbitration. It states:

> The Parties agree that any disputes over the interpretation or application of this Agreement shall be submitted first to mediation arranged through a mutually agreeable mediator such as, by way of illustration only, the American Arbitration Association. If after a minimum of 30 business days after submission of the dispute to a mediator, a mutually satisfactory resolution is not produced by mediation, or if after a maximum of 15 business days a mutually agreeable mediator is not chosen after impasse over any dispute, then either the Tribe or the Union may submit the dispute(s) to expedited and binding arbitration before an arbitrator selected from the TLP. The arbitrator shall not modify, add to or subtract from this Agreement.

Petition, ¶ 16.

On about November 18, 2015, the Union notified the Tribe by letter of a dispute about the interpretation or application of the Agreement. Petition, ¶ 18 & Exh. C. In that letter, the Union

described the dispute as follows:

> Paragraph 5 of that Agreement requires the Tribe to be neutral with respect to employees' choice whether to be represented by UNITE HERE.  We have learned of repeated violations of this policy by Casino managers.  These violations have taken the form of threats, surveillance and instructions to employees that they may not even talk about the union.  Most egregiously, employee Christopher Garrigues was terminated because he solicited support for the union during his break time.

In the letter, the Union submitted the dispute to arbitration.  Petition, ¶ 18.  The Union later asserted that the Tribe also violated the Agreement by discharging a second employee named Kerry Bond.  Petition, ¶ 27.

On January 7, 2016, the parties participated in a mediation but did not resolve the dispute.  Petition, ¶ 23.  On January 28, 2016, the parties agreed that John Kagel would serve as arbitrator.  Petition, ¶¶ 20, 25-26.  On February 4, 2016, the Tribe refused to arbitrate the dispute over Garrigues' and Bond's discharges.  Petition, ¶ 27.

## ARGUMENT

**A.    Section 301 of the Labor Management Relations Act gives federal courts authority   order parties to a labor contract to arbitrate disputes.**

The Tribe argues that the petition to compel arbitration fails to state a claim for relief because federal courts lack the power to issue orders compelling arbitration.  The Tribe is wrong.

This Petition to Compel Arbitration was filed pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  Petition, ¶ 5.  Section 301 creates a federal cause of action for violation of a labor contract: "Suits for violation of contracts between and employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ."  29 U.S.C. § 185(a).         In the seminal case interpreting § 301, the Supreme Court held that § 301 empowers the federal courts to enforce arbitration agreements in labor contracts by ordering parties to arbitrate:

> Other courts—the overwhelming number of them—hold that § 301(a) is more than jurisdictional—that it authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements and includes within that federal law specific performance of promises to arbitrate grievances under collective bargaining agreements. . . .  That is our construction of § 301(a), which means that the agreement

      to arbitrate grievance disputes, contained in this collective bargaining agreement, should be specifically enforced.

*Textile Workers v. Lincoln Mills of Ala.*, 353 U.S. 448, 450-51 (1957); *see also Goodall-Sanford, Inc. v. United Textile Workers Local 1802*, 353 U.S. 550, 551 (1957) (compelling arbitration and explaining that the right to arbitration arises under § 301(a)).

      A § 301 cause of action is not limited to collective bargaining agreements, but rather it extends to all labor contracts. *Retail Clerks Int'l Ass'n v. Lion Dry Goods, Inc.*, 369 U.S. 17, 25-26 (1962) ("'[C]ontracts' does include more than 'collective bargaining agreements,' at least as respondents would define them. . . . Congress was not indulging in surplusage: A federal forum was provided for actions on other labor contracts besides collective bargaining contracts."). It includes contracts, like the Agreement at issue here, that establish procedures for organizing unorganized employees. *See, e.g.*, *Service Employees Int'l Union v. St. Vincent Medical Ctr.*, 344 F.3d 977, 979 (9th Cir. 2003); *Hotel & Restaurant Employees Union Local 217 v. J.P. Morgan Hotel*, 996 F.2d 561, 564-65 (2d Cir. 1993); *Hotel Employees & Restaurant Employees Local 2 v. Marriott Corp.*, 961 F.2d 1464, 1466 (9th Cir. 1992). On the basis of *Lincoln Mills* and *Goodall-Sanford*, federal courts have ordered arbitration of disputes arising out of agreements about the procedures for organizing employees. *St. Vincent Medical Center*, 344 F.3d at 985-86; *J.P. Morgan Hotel*, 996 F.2d at 568.

      Here, the Petition alleges that the Union and the Tribe are parties to an Agreement that contains an arbitration clause. Petition, ¶¶ 15-16. The Petition also alleges that the Tribe breached the Agreement when it fired two employees. Petition, ¶¶ 18, 27. This Court has authority to enforce the Tribe's promise to arbitrate its contract dispute with the Union.

**B.**    **The Union properly filed this action to compel arbitration**

      The Tribe's argument seems to be that the document the Union filed to initiate this case was entitled "Petition to Compel Arbitration" rather than "Complaint"; and that the Union did not notice a motion at the same time it filed and served the Petition to Compel Arbitration. Neither argument warrants dismissing for failure to state a claim.

      As to the first argument, while Federal Rule of Civil Procedure 3 states that "[a] civil action is commenced by filing a complaint," suits to compel arbitration in cases brought under § 301 are

routinely initiated by filing a "petition to compel arbitration."  *See, e.g.*, *SEIU United Healthcare Workers-West v. Los Robles Medical Ctr.*, 812 F.3d 725, 727 (9th Cir. 2015); *IATSE Local 720 v. InSync Show Productions, Inc.*, 801 F.3d 1033, 1037 (9th Cir. 2015); *Local Joint Exec. Bd. of Las Vegas v. Exber, Inc.*, 994 F.2d 674, 675 (9th Cir. 1993); *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1373 (9th Cir. 1984); *Construction & General Laborers Local 185 v. Seven-Up Bottling Co. of San Francisco*, 2010 WL 5136200 (E.D. Cal. Dec. 10, 2010); *Int'l Union of Painters Allies Trades Dist. Council v. Diversified Flooring Specialist, Inc.*, 2007 WL 923926, at *1, 3 (D. Nev. March 23, 2007); *IBEW Local 1245 v. Citizens Telecommunications Co. of California*, 2006 WL 1377102 (E.D. Cal. May 18, 2006).  *Cf. American Postal Workers Union v. U.S. Postal Svc.*, 657 F.Supp.2d 97, 98 n.1 (D.C. Dist. Ct. 2009) (noting that plaintiff "characterized its complaint as a 'petition' under the FAA, but since a distinct federal statute applies to contract disputes with the postal service, court would refer to the parties as "plaintiff" and "defendant").  The origin and propriety of this practice is immaterial.[1]  The Union is willing amend the document that initiated this action to rename it "Complaint and Petition to Compel Arbitration," and seeks leave of the Court to do so.[2]  A copy of the proposed amendment is attached hereto as Exhibit 1.

The Tribe's second argument – that the Union was required to notice a motion when it filed the petition to compel arbitration – is incorrect.  The Tribe bases this argument on cases involving petitions to compel arbitration brought under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*., not cases arising under § 301.  Section 301 provides an independent basis for federal suits to compel arbitration of disputes under labor contracts, and authorizes federal courts to fashion rules of federal common law to govern such suits.  *United Paperworkers Int'l Union v. Misco, Inc*., 484 U.S. 29, 41 n.9 (1987).  As a result, in § 301 cases, federal courts may "look[] to the FAA for guidance in labor arbitration cases,"

---

[1] The practice may have been adopted from practice under the Federal Arbitration Act, which supersedes the normal operation of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 81(a)(6)(B); and allows a suit to be initiated with a petition.  9 U.S.C. § 4.

[2] Prior to filing this Opposition to the Motion to Dismiss, the Union requested that the Tribe stipulate to such an amendment.  The Tribe refused.  Martin Dec., ¶¶ __, Exhs. A-B.  Rule 15 permits amendment as a matter of course 21 days after service of a Rule 12(b) motion "if the pleading is one to which a responsive pleading is required." Fed. R. Civ. P. 15(a)(1)(B).  To avoid provoking a collateral argument from the Tribe about whether a responsive pleading is required to this Petition to Compel Arbitration, the Union has refrained from filing the amended document as a matter of course and seeks leave of the Court to do so.

*id.*; but are not required do so.  *Goodall-Sanford*, 353 U.S. at 551.[3]

Even if this Court were to follow procedures that apply to FAA suits, the petition would not be subject to dismissal on the ground that a motion was not noticed at the time of filing.  The FAA provides that the procedure for compelling arbitration is "the manner provided by law for the making and hearing of motions," 9 U.S.C. § 6; but it does not establish when such a motion must be filed.  The cases on which the Tribe relies make that clear.  In *Bridgeport Management, Inc. v. Lake Mathews Mineral Properties, Ltd.*, 2014 WL 953831 (N.D. Cal. March 6, 2014), a plaintiff proceeding under the FAA filed a petition to compel arbitration, which it served on the defendants together with summons.  When the defendants did not respond within five days, the plaintiff moved for an order of default.  *Id.* at *1.  The court denied the motion, explaining that "[t]he Petition was, in essence, an improperly and improperly noticed motion, and it did not impose on Respondents any obligations to respond.  *Its only effect was to open the case file*.  If Petitioner wanted more, it was obligated to request more – such as by filing a separate motion to compel or by noticing a hearing in compliance with the Court's local rules."  *Id.* at *3 (emphasis added).  The petitioner's failure to notice the motion did *not* result in dismissal of the case.  The court cited *Unionmutual Stock Life Ins. Co. of America v. Beneficial Life Ins. Co.*, 774 F.2d 524, 526 (1st Cir. 1985).  Like the Union here and the petitioner in *Bridgeport Management*, the petitioner in *Unionmutual* did not notice a motion at the same time it filed the petition to compel arbitration.  Rather, the petitioner noticed a motion ten days after filing the petition.  There, too, the court did *not* dismiss the petition.

Neither the title of the Union's initial pleading ("Petition to Compel Arbitration") nor the Union's failure to notice a motion when it served that pleading provides a reason to dismiss the case.

**C.     Arbitration should be ordered because the Union seeks to arbitrate the question whether the Tribe breached the parties' Agreement by discharging two employees.**

In a footnote, the Tribe states that it "disputes that [sic] the Union's contention that the discharges concern the interpretation or application of the MOA."  Tribe MPA, at 3 n.1.  It appears that the Tribe's argument is that the parties' dispute over the two employees' terminations is not arbitrable.

---

[3] It is unclear whether the FAA applies at all to labor contracts, *InSync Show Productions*, 801 F.3d at 1039; *Matthews v. Nat'l Football League Mgmt. Council,* 688 F.3d 1107, 1115 & n. 7 (9th Cir.2012).

UNITE HERE'S OPPOSITION TO MOTION TO DISMISS                              Case No. 2:16-cv-00384

Bedrock principles of the federal common law of § 301 contracts demonstrate that the Tribe is wrong.

### 1. The arbitrator must decide whether the discharges violated paragraph 5 of the Agreement.

When a labor contract includes an agreement to arbitrate disputes about whether one party violated the contract, the question how to interpret the contract must be left to the arbitrator. Courts may not usurp that function. The Supreme Court made this clear in one of the cases that comprise the *Steelworkers Trilogy*:

> The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for. The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim.

*Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 567-68 (1960). This rule applies no matter how the court might view the merits of the dispute: "[A] court is not to rule on the potential merits of the underlying claims. Whether 'arguable' or not, indeed even it appears to the court to be frivolous, the union's claim that the employer has violated the collective-bargaining agreement is to be decided, not by the court asked to order arbitration, but as the parties have agreed, but the arbitrator." *AT&T Technologies v. Communication Workers*, 475 U.S. 643, 649-50 (1986).

In *American Manufacturing*, the Court succinctly explained why arbitration should have been ordered in that case: "The union claimed in this case that the company had violated a specific provision of the contract. The company took the position that it had not violated that clause. There was, therefore, a dispute between the parties as to 'the meaning, interpretation and application' of the collective bargaining agreement. Arbitration should have been ordered." 363 U.S. at 569. This dispute can be summarized in exactly the same way. The Union seeks to compel arbitration of the question whether discharges of two employees violated paragraph 5 of the parties' Agreement.

Petition, ¶¶ 18, 27.  The Tribe apparently disagrees with the Union's interpretation of paragraph 5, but deciding whether the Union or the Tribe is correct – that is, whether paragraph 5 prohibits the Tribe from terminating employees because of union activity -- requires interpreting the Agreement.  The Tribe can argue to the arbitrator why paragraph 5 should not be construed as the Union contends.  It is not the Court's function to interpret paragraph 5.

> 2. **The arbitrator must also decide whether the parties' dispute is about how to interpret paragraph 5.**

The Tribe attempts to evade this basic principle by stating that the parties did not agree to arbitrate this dispute.  Here, too, the Tribe's theory is inconsistent with the federal common law of labor contracts.

Parties to an arbitration agreement may empower an arbitrator to decide whether a dispute is one that the parties agreed to arbitrate.  *Granite Rock v. Int'l Bhd. of Teamsters*, 130 S.Ct. 2847, 2859 (2010).  But even if the arbitrability determination is not committed to an arbitrator, courts interpret the agreement to arbitrate by applying a "presumption of arbitrability." *Id.*; *AT&T Technologies*, 475 U.S. at 650.  This presumption imposes a heavy burden on the party resisting arbitration to identify an "express provision excluding a particular grievance from arbitration" or "forceful evidence of a purpose to exclude the claim from arbitration." *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584-85 (1960); *see also Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752*, 989 F.2d 1077, 1080 (9th Cir. 1993) ("The party contesting arbitrability bears the burden of demonstrating how the language in the collective bargaining agreement excludes a particular dispute from arbitration.").  As a result, "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is *not* susceptible of an interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage." *Warrior & Gulf Navigation*, 363 U.S. at 584.  This presumption ensures that courts do not "become entangled in the construction of the substantive provisions of a labor agreement, even through the back door of interpreting the arbitration clause, when the alternative is to utilize the services of an arbitrator." *Id.* at 585.

Here, the Tribe and the Union agreed broadly to arbitrate "any disputes over the interpretation or application" of their Agreement.  Petition, ¶ 16.  They did not exclude any provisions or subjects

from this promise.  The Ninth Circuit has held repeatedly that arbitration clauses containing identical language -- encompassing "all disputes regarding the interpretation or application" of the Agreement – empower the arbitrator to decide whether a dispute is one the parties agreed to arbitrate.  *Pacesetter Construction Co. v. Carpenters*, 116 F.3d 436, 439 (9th Cir. 1997); *see also Local 1780 v. Desert Palace*, 94 F.3d 1308, 1310 (9th Cir. 1996); *New England Mechanical, Inc. v. Laborers Local Union 294*, 909 F.2d 1339, 1354 (9th Cir. 1990).  As a result, this Court should not resolve the Tribe's arbitrability defense but instead allow the Tribe to make that argument to the arbitrator.

But if the Court were to reach the arbitrability question, the Court should still reject the Tribe's argument that the parties' dispute is not arbitrable.  The Tribe cannot identify an "express provision excluding a particular grievance from arbitration" or "forceful evidence of a purpose to exclude the claim from arbitration." The Tribe and the Union agreed is to submit all disputes under the Agreement to arbitration, not just those that the Tribe thinks have merit.

## CONCLUSION

For all of the foregoing reasons, Respondent Tribe's motion to dismiss should be denied.  In the alternative, the Union should be granted leave to amend pleading entitled "Petition to Compel Arbitration" to rename it "Complaint and Petition to Compel Arbitration" in accordance with Attachment A hereto.

Dated:  May 4, 2016

Respectfully submitted,
**DAVIS, COWELL & BOWE, LLP**


By:   */s/ Kristin L. Martin*
        Kristin L. Martin
595 Market Street, Suite 800
San Francisco, California 94105
Tel:  (415) 597-7200; Fax: (415) 597-7201

*Attorneys for UNITE HERE International Union*