1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   UNITE HERE INTERNATIONAL                No.  2:16-cv-00384-TLN-EFB
     UNION,
12
                    Petitioner,
13
                                             **ORDER DENYING RESPONDENT'S**
          v.                                 **MOTION TO DISMISS**
14
     SHINGLE SPRINGS BAND OF MIWOK
15   INDIANS,

16                  Respondent.

17

18        This matter[1] is before the Court pursuant to Respondent Shingle Springs Band of Miwok

19   Indian's (hereinafter referred to as "Respondent" or "Tribe") Motion to Dismiss Petitioner Unite

20   Here International Union's (hereinafter referred to as "Petitioner" or "Union") Petition to Compel

21   Arbitration for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

22   (ECF Nos. 6, 2.)    For the reasons set forth below, Respondent's Motion to Dismiss is DENIED.

23   / / /

24   / / /

25   / / /

26   / / /

27        _____

           [1] This matter is related to *Shingle Springs Band of Miwok Indians v. Unite Here International Union*, No.
28   2:16-cv-01057-TLN-EFB.

                                             1

## I.  RELEVANT FACTUAL ALLEGATIONS[2]

According to Petitioner, Respondent Tribe owns and operates the Red Hawk Casino gaming facility in El Dorado County, California.   Respondent is an employer within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C §185 ("LMRA §301").  Casino employees Christopher Garrigues and Kerry Bond were both terminated by Respondent. Petitioner is a labor organization representing employees in industries affecting commerce within the meaning of LMRA §301, and represents the two employees in this matter.  Respondent has waived its sovereign immunity and its duty to exhaust tribal remedies.  (*See* ECF No. 2 at ¶¶ 2– 17.)

Petitioner and Respondent entered into a Memorandum of Agreement (hereafter "MOA") on or about June 26, 2012.   Paragraph 10 of the MOA sets out procedures for resolving disputes and provides in relevant part:

> The Parties agree that any disputes over the interpretation or application of this Agreement shall be submitted first to mediation arranged through a mutually agreeable mediator such as, by way of illustration only, the American Arbitration Association. If after a minimum of 30 business days after submission of the dispute to a mediator, a mutually satisfactory resolution is not produced by mediation, or if after a maximum of 15 business days a mutually agreeable mediator is not chosen after impasse over any dispute, then either the Tribe or the Union may submit the dispute(s) to expedited and binding arbitration before an arbitrator selected from the TLP. The arbitrator shall not modify, add to or subtract from this Agreement.

(ECF No. 2 at ¶ 16.)

In November 2015, Petitioner notified Respondent of a dispute about the "interpretation of application of the MOA," which involved alleged violations of the MOA by casino managers in the form of threats to employees, surveillance, their giving instructions that employees could not talk about Petitioner Union, and the discharge of Chris Garrigues.  (ECF No. 2 at ¶ 18.) Petitioner then submitted the dispute to arbitration.  The parties selected a mediator and a

---

[2] The Court does not find it necessary to restate all allegations from the Petition.  In summary, Petitioner alleges that the parties agreed to arbitrate particular disputes per a Memorandum of Agreement ("MOA") entered in in June, 2012.  The MOA provides that disputes over the interpretation or application of the MOA itself must also be submitted to arbitration if mediation fails.  Petitioner brings the instant suit to compel arbitration of a dispute that is allegedly covered by the MOA.

1   mediation date, and agreed that issues left unresolved after mediation would be submitted to

2   arbitration.  (ECF No. 2 at ¶¶ 19–20.)   The parties ultimately agreed to address issues beyond

3   those originally discussed as well as to set out the issues in non-confidential mediation briefs.

4   (ECF No. 2 at ¶ 22.)  The mediation was held on the agreed date of January 7, 2016 but did not

5   result in resolution of the dispute.  (ECF No. 2 at ¶ 23.)

6          Eventually, on January 27, 2016, respective counsel for Petitioner and Respondent

7   communicated regarding arbitration of the dispute.  On January 28, 2016, Respondent's counsel

8   agreed that John Kagel – rather than the original meditator – would serve as the arbitrator.  (ECF

9   No. 2 ¶¶ 25–26.)  It appears no arbitration took place, and Petitioner has now filed the instant suit.

10  Specifically, Petitioner seeks to "compel the Tribe to submit to arbitration before Arbitrator Kagel

11  all disputes with the Union regarding interpretation or application of the [MOA] pursuant to

12  paragraph 10 of the [MOA], including but not limited to disputes over the discharges of Chris

13  Garrigues and Kerry Bond."  (ECF No. 2 at 6.)

14          **II. PROCEDURAL HISTORY**

15          Petitioner filed the instant Petition to Compel Arbitration on February 22, 2016.  (ECF

16  No. 2.)  On March 21, 2016, Respondent filed a Motion to Dismiss.  (ECF No. 6.)   On or about

17  May 4, 2016, Petitioner filed an Opposition.  (ECF No. 7.)  On May 12, 2016, Respondent filed a

18  Reply.  (ECF No. 9.)

19          **III. STANDARD OF LAW**

20          Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

21  statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556

22  U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

23  defendant fair notice of what the claim … is and the grounds upon which it rests." *Bell Atl. v.*

24  *Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

25  pleading standard relies on liberal discovery rules and summary judgment motions to define

26  disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*,

27  534 U.S. 506, 512 (2002).

28          On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

1     *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

2     reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

3     *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n. 6 (1963).  A plaintiff need not allege

4     "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

5     relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

6     factual content that allows the court to draw the reasonable inference that the defendant is liable

7     for the misconduct alleged." *Iqbal*, 556 U S. at 678 (citing *Twombly*, 550 U.S. at 556).

8         Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

9     factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir.

10     1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

11     unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

12     pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

13     elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

14     ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

15     statements, do not suffice.")  Moreover, it is inappropriate to assume that the plaintiff "can prove

16     facts that it has not alleged or that the defendants have violated the… laws in ways that have not

17     been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

18     459 U.S. 519, 526 (1983).

19         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

20     facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

21     *Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to "nudge[ ] [his or her] claims . . .

22     across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id*. at 680.

23     While the plausibility requirement is not akin to a probability requirement, it demands more than

24     "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678.  This plausibility inquiry is

25     "a context-specific task that requires the reviewing court to draw on its judicial experience and

26     common sense." *Id*. at 679.

27         If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

28     amend even if no request to amend the pleading was made, unless it determines that the pleading

1   could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F 3d 1122,

2   1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

3   *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

4   denying leave to amend when amendment would be futile).  Although a district court should

5   freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

6   deny such leave is 'particularly broad' where the plaintiff has previously amended its

7   complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

8   2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

9       **IV.  ANALYSIS**

10       Respondent argues that the Petition to Compel Arbitration (ECF No. 2) is procedurally

11   defective because a request for an order compelling arbitration "is improper under the Federal

12   Rules of Civil Procedure.  Petitions instituting suit without a concurrent complaint are treated as

13   *motions* in accordance with the Federal Arbitration Act.  The Petition therefore fails to state a

14   cause of action upon which relief may be granted…."  (ECF No. 6-1 at 1.)  Petitioner responds in

15   relevant part that suits to compel arbitration are routinely initiated by filing a petition to compel

16   arbitration, and that this Petition is brought under the LMRA not the Federal Arbitration Act

17   ("FAA").

18       As an initial matter, Petitioner is correct that the Ninth Circuit and district courts in this

19   Circuit routinely treat petitions to compel arbitrations as capable of instituting a court action.  *See*

20   *IATSE Local 720 v. InSync Show Productions, Inc*., 801 F.3d 1033, 1037 (9th Cir. 2015) ("IATSE

21   filed a petition to compel arbitration in the district court," which the district court granted); *Local*

22   *Joint Exec. Bd. of Las Vegas v. Exber, Inc*., 994 F.2d 674, 675 (9th Cir. 1993) ("Union filed this

23   petition to compel arbitration pursuant to § 301 of the Labor Management Relations Act" which

24   the district court considered but dismissed on statute of limitations grounds); *United Food &*

25   *Commercial Workers Union v. Alpha Beta Co*., 736 F.2d 1371, 1373 (9th Cir. 1984)  ("Under

26   section 301 of the [LMRA] … the Local Unions petitioned the district court to compel

27   arbitration," which the district court granted); *Constr. & Gen. Laborers' Local 185 v. Seven-Up*

28   *Bottling Co. of San Francisco*, No. CIV. S-10-2358, 2010 WL 5136200, at *1 (E.D. Cal. Dec. 10,

1   2010) ("Plaintiff, a labor union, has filed a petition to compel arbitration," which the district court

2   granted).  Likewise, in this case Petitioner has filed a Petition to Compel Arbitration – a routine

3   action – which the Court will consider.

4        Respondent also appears to argue in its Motion to Dismiss that the procedure for

5   considering this Petition must be governed by the Federal Arbitration Act ("FAA").  However,

6   Petitioner submits this matter is brought under the LMRA, and Respondent appears to concede

7   this point in its Reply ("The Tribe does not contest that the Petition's federal subject matter

8   jurisdiction is supported by Section 301 of the [LMRA] …).[3]  (ECF No. 9 at 8.)  Nonetheless,

9   Respondent argues that the LMRA is silent on the procedure governing petitions for an order

10  compelling arbitration, whereas the FAA provides that applications for compelling arbitration

11  shall be made and heard "in the manner provided by law for the making and hearing of motions,"

12  and federal courts may look to the FAA for guidance in labor arbitration cases.  9 U.S.C. § 6.

13  (ECF No. 9 at 8.)  However, Respondent does not cite a case within the context of the FAA

14  supporting dismissal in this specific set of circumstances.  Rather, Respondent cites cases in its

15  Reply discussing the fact that the Court may look to the FAA for guidance in considering labor

16  arbitration cases, which is not disputed.  *See e.g. United Paperworkers Int'l Union v. Misco, Inc.*,

17  484 U.S. 29, 41 n. 9 (1987); *Granite Rock Co. v. Int'l Bhd. Of Teamsters*, 561 U.S. 287 (2010).

18  (ECF No. 9 at 8.)  The two cases cited in Respondent's Motion to Dismiss are also not

19  dispositive.  Respondent cites *Bridgeport Mgmt., Inc. v. Lake Mathews Mineral Properties, Ltd*.,

20  No. 14-CV-00070-JST, 2014 WL 953831 (N.D. Cal. Mar. 6, 2014), which held: "Where a party

21  institutes suit by filing a petition to compel arbitration without filing a concurrent complaint, the

22  petition is treated, under the FAA, as a motion."  But that case involved petitioner's motion for

23  entry of default judgment, and respondent's position was that it did not have time to adequately

24  respond on the merits to the petition (hence respondent's request for an extension of time).  Here,

25  this case has not progressed to evaluation on the merits of the Petition.  Respondent's inability to

26  respond on the merits is not an issue, nor does Respondent identify any prejudice in this regard.

27

28  [3] The Petition itself states both the LMRA and the FAA as the basis for this Court's jurisdiction.  (ECF No. 2 ¶ 5.)

6

1  Respondent also cites *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 112 (2d Cir. 2012)

2  for its holding that voluntary dismissals pursuant to FRCP 41 do not apply to petitions to compel

3  arbitration which are filed as the instituting document of a suit.  But Respondent does not show

4  why that issue is relevant to the instant Motion to Dismiss.

5         Assuming arguendo that this Court would treat the Petition as a motion under the FAA,

6  Respondent directs the Court to Eastern District Local Rule 230(b) and (c), which concern this

7  Court's Civil Motion Calendar and Procedure.  Local Rule 230(b) provides in part: "Except as

8  otherwise provided in these Rules or as ordered or allowed by the Court, all motions shall be

9  noticed on the motion calendar of the assigned Judge … The moving party shall file a notice of

10 motion, motion, accompanying briefs, [etc.] ...."  Local Rule 230(c) provides in part: "Opposition,

11 if any, to the granting of the motion shall be in writing and shall be filed and served not less than

12 fourteen (14) days preceding the noticed (or continued) hearing date."  Respondent argues: "The

13 Union did not notice a hearing date along with its motion as required by Eastern District Local

14 Rule 230.  Because the motion was not properly noticed, the Tribe was unable to determine the

15 proper timeline to follow in filing an opposition pursuant to the FRCP and Local Rule 230."

16 (ECF No. 9 at 9.)  However, Respondent identifies no prejudice that has been caused by the

17 current scheduling of the filings and hearing date set thus far.  Respondent has filed a motion to

18 dismiss and reply briefing, for which a hearing date was set but submitted without oral argument.

19 (ECF No. 10.)  Respondent will be permitted to oppose the Petition on the merits, for which a

20 hearing date will be set.

21        For the stated reasons, Respondent does not carry its burden of showing dismissal is

22 warranted.[4]  Therefore, the Motion to Dismiss is DENIED.

23 */ / /*

24

25        [4] Respondent has stated arguments in its Reply that go to the merits of whether arbitration should be
   compelled.  For example Respondent argues the correct interpretation of the arbitration agreement within the MOA,
26 the standing of the individual employees, internal employee remedies and matters under tribal law, and the
   presumption of arbitrability as to employee discharges.  In this order, the Court has considered only those arguments
27 stated in the Motion to Dismiss which concern dismissal under Rule 12(b)(6) and which are expounded upon in the
   Reply.  Whether the Petition for Arbitration should be granted is not the subject of this order.  Respondent may
   oppose the Petition on the merits and may state the relevant arguments at that time.  For the same reasons,
28 Petitioner's request to provide supplemental briefing (ECF No. 11) on these issues is DENIED.

**IV.  CONCLUSION**

For the stated reasons, Respondent's Motion to Dismiss (ECF NO. 6) is DENIED, and Petitioner's Request to provide Supplemental Briefing (ECF NO. 11) is DENIED.

Dated: July 25, 2016

Troy L. Nunley
United States District Judge