Christopher F. Wohl, SBN: 170280
Tiffany Tran, SBN: 294213
PALMER KAZANJIAN WOHL HODSON LLP
2277 Fair Oaks Boulevard, Suite 455
Sacramento, CA 95825
Telephone:  (916) 442-3552
Facsimile:  (916) 640-1521

Attorneys for Respondent
SHINGLE SPRINGS BAND OF MIWOK INDIANS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE INTERNATIONAL UNION,<br><br>        Petitioner,<br><br>    v.<br><br>SHINGLE SPRINGS BAND OF MIWOK INDIANS; DOES 1-100,<br><br>        Respondent. | Case No. 2:16-CV-00384-TLN-EFB<br><br>**RESPONDENT SHINGLE SPRINGS BAND OF MIWOK INDIANS' RESPONSE TO PETITION TO COMPEL ARBITRATION** |

Respondent SHINGLE SPRINGS BAND OF MIWOK INDIANS (the "Tribe") responds to the Petition to Compel Arbitration filed by Plaintiff and Petitioner UNITE HERE INTERNATIONAL UNION (the "Union") by admitting, denying, and alleging the following allegations and affirmative defenses.

1. Answering Paragraph 1 of the Petition, the Memorandum of Agreement (the "MOA") speaks for itself. To the extent a response is required the Tribe denies that the MOA supports the claims alleged in the Petition and denies that the MOA applies to purely personnel matters including but not limited to the discharge of its employees and further denies personnel matters are subject to arbitration.

PALMER KAZANJIAN WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA  95825
916.442.3552

RESPONDENT SHINGLE SPRINGS BAND OF MIWOK INDIANS'
RESPONSE TO PETITION TO COMPEL ARBITRATION

## PARTIES

2. Answering Paragraph 2 of the Petition, the Tribe lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny them.

3. Answering Paragraph 3 of the Petition, the Tribe admits that it owns and operates a casino gaming facility, known as Red Hawk Casino, on sovereign reservation lands in El Dorado County, California, which is in the Eastern District of California. Answering the second sentence of Paragraph 3 of the Petition, the Tribe admits that it is an employer within the meaning of Section 301 of the LMRA, 29 U.S.C. section 185 or that it is subject to the LMRA.

4. Answering Paragraph 4 of the Petition, the Tribe lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny them.

## JURISDICTION AND VENUE

5. Answering Paragraph 5 of the Petition, the Tribe admits that jurisdiction is proper pursuant to Section 301 of the LMRA, 29 U.S.C. section 185, and the Federal Arbitration Act, 9 U.S.C. section 1 *et seq.*

6. Answering Paragraph 6 of the Petition, the Tribe admits that jurisdiction is proper pursuant to Section 301(a) of the LMRA, 29 U.S.C. section 185(a).

## GENERAL ALLEGATIONS

7. Answering Paragraph 7 of the Petition, the Tribe admits the allegation contained therein.

8. Answering Paragraph 8 of the Petition, the Tribe admits that the Tribe and the United States have not entered into a treaty. The Tribe denies the remaining allegation regarding jurisdiction.

9. Answering Paragraph 9 of the Petition, the Tribe admits the allegation contained therein.

10. Answering Paragraph 10 of the Petition, the Tribe admits that Red Hawk Casino's gaming facilities include more than 2,400 slot machines, table games, a high limit gaming room, and

PALMER KAZANJIAN WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

RESPONDENT SHINGLE SPRINGS BAND OF MIWOK INDIANS'
RESPONSE TO PETITION TO COMPEL ARBITRATION

2.

a poker room. The Tribe admits that the Red Hawk Casino allows customers to participate in a "members rewards" program called the Red Hawk Rewards Club. Except as so expressly admitted, the Tribe denies the allegations in Paragraph 10.

11. Answering Paragraph 11 of the Petition, the Tribe admits the allegations contained therein.

12. Answering Paragraph 12 of the Petition, the Tribe admits the allegations contained therein.

13. Answering Paragraph 13 of the Petition, the Tribe lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and cannot admit nor deny them.

14. Answering Paragraph 14 of the Petition, the Tribe admits the allegations contained therein.

15. Answering Paragraph 15 of the Petition, the Tribe admits the allegations contained therein.

16. Answering Paragraph 16 of the Petition, the Tribe denies that the referenced documents support the claims alleged in the Petition.

17. Answering Paragraph 17 of the Petition, the Tribe admits that paragraph 14(b) of the MOA waives its immunity with respect to matters arising out of the MOA.

18. Answering Paragraph 18 of the Petition, the Tribe denies that the referenced documents support the claims alleged in the Petition.

19. Answering Paragraph 19 of the Petition, the Tribe admits the allegations contained therein.

20. Answering Paragraph 20 of the Petition, the Tribe admits the allegations contained therein.

21. Answering Paragraph 21 of the Petition, the Tribe admits its counsel sent the letter referenced therein but denies that implication that the letter supports the claims alleged in the Petition.

PALMER KAZANJIAN WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

RESPONDENT SHINGLE SPRINGS BAND OF MIWOK INDIANS' RESPONSE TO PETITION TO COMPEL ARBITRATION          3.

22. Answering Paragraph 22 of the Petition, the Tribe admits the allegations contained therein.

23. Answering Paragraph 23 of the Petition, the Tribe admits the allegations contained therein.

24. Answering Paragraph 24 of the Petition, the Tribe admits the allegations contained therein.

25. Answering Paragraph 25 of the Petition, the Tribe admits that on or about January 27, 2016, the Tribe and the Union, through their respective attorneys, spoke by telephone. Except as so expressly admitted, the Tribe denies the allegations in Paragraph 25.

26. Answering Paragraph 26 of the Petition, the referenced document speaks for itself and therefore no response is required. To the extent a response is required, the Tribe denies that the referenced document supports the claims alleged in the Petition.

27. Answering Paragraph 27 of the Petition, the Tribe admits the allegations contained therein.

28. Answering Paragraph 28 of the Petition, the referenced document speaks for itself and therefore no response is required. To the extent a response is required, the Tribe denies that the referenced document supports the claims alleged in the Petition.

## **CAUSE OF ACTION – Order Compelling Arbitration**

29. Answering Paragraph 29 of the Petition, the Tribe realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Answer.

30. The Tribe generally and specifically denies each and every allegation contained in Paragraph 30 of the Petition.

31. The Tribe generally and specifically denies each and every allegation contained in Paragraph 31 of the Petition.

32. The Tribe generally and specifically denies each and every allegation contained in Paragraph 32 of the Petition.

## **REQUEST FOR RELIEF**

The Petition's Request for Relief contains no factual allegations to admit or deny.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

As a first and separate affirmative defense, the Tribe alleges that the Petition fails to contain facts sufficient to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

As a second and separate affirmative defense, the Tribe alleges that the Union lacks standing to arbitrate internal personnel decisions of the Tribe.

**THIRD AFFIRMATIVE DEFENSE**

As a third and separate affirmative defense, the Tribe alleges that the MOA is not a collective bargaining agreement and therefore the Union may not arbitrate employment termination decisions.

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth and separate affirmative defense, the Tribe alleges that proceeding with an arbitration regarding employment termination decisions violates the NLRA and tribal law, including the Tribal Labor Relations Ordinance.

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth and separate affirmative defense, the Tribe alleges that the Union is not the exclusive bargaining representative of employees and therefore it cannot negotiate the terms and conditions of the employment relationship.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth and separate affirmative defense, the Tribe alleges that the MOA does not authorize the arbitration of employment termination decisions.

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh and separate affirmative defense, the Tribe alleges that the MOA does not contain any provisions regarding employee discipline and/or termination.

**EIGHTH AFFIRMATIVE DEFENSE**

As an eighth and separate affirmative defense, the Tribe alleges that the MOA does not contain any provisions regarding any grievance procedure or accompanying remedies for employee disciplinary actions, such as back pay and/or reinstatement.

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

RESPONDENT SHINGLE SPRINGS BAND OF MIWOK INDIANS'
RESPONSE TO PETITION TO COMPEL ARBITRATION

5.

### NINTH AFFIRMATIVE DEFENSE

As a ninth and separate affirmative defense, the Tribe alleges employees can only bring claims regarding discipline and/or termination decisions by following tribal law procedures and Chrisopher Garrigues and Kerry Bond have not followed such procedures in this case.

### TENTH AFFIRMATIVE DEFENSE

As a tenth and separate affirmative defense, the Tribe alleges that there was no breach of the MOA and therefore no basis for requiring the parties to arbitrate.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh and separate affirmative defense, the Tribe alleges that employee discipline and/or termination decisions are purely a private, intramural personnel matter.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth and separate affirmative defense, the Tribe alleges that the Tribe has a recognized right to self-governance.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth and separate affirmative defense, the Tribe alleges that Christopher Garrigues and Kerry Bond are not parties to the MOA.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth and separate affirmative defense, the Tribe alleges the Tribal Labor Relations Ordinance confines the Tribe's limited waiver of its sovereign immunity for the sole purpose of compelling arbitration or confirming an arbitration award.

### **PRAYER FOR RELIEF**

Wherefore, the Tribe prays for an order as follows:

1. The Petition be denied and the Court order that employee discipline and/or termination decisions cannot be compelled to arbitration because they fall outside the scope of the MOA;
2. That the Union take nothing from this Petition;
3. That the Tribe recovers its costs and attorneys' fees;

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

RESPONDENT SHINGLE SPRINGS BAND OF MIWOK INDIANS'
RESPONSE TO PETITION TO COMPEL ARBITRATION

6.

4. That the Court provide the Tribe any other relief the Court deems just and proper.

Dated: August 17, 2016                    PALMER KAZANJIAN WOHL HODSON LLP

                                          By: /s/ Christopher F. Wohl
                                              Christopher F. Wohl
                                              Tiffany Tran

                                              Attorneys for Respondent
                                              SHINGLE SPRINGS BAND OF MIWOK INDIANS