UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE INTERNATIONAL UNION,<br><br>        Plaintiff,<br><br>  v.<br><br>SHINGLE SPRINGS BAND OF MIWOK INDIANS,<br><br>        Defendant. | No. 2:16-cv-00384-TLN-EFB<br><br>**ORDER** |

This is a lawsuit seeking to compel arbitration of a dispute about labor organizing at a casino. The matter is before the Court on Petitioner UNITE HERE International Union's ("the Union") Motion for Judgment on the Pleadings and to Strike Affirmative Defenses. (ECF No. 20.) Defendant Shingle Springs Band of Miwok Indians ("the Tribe") opposes the motion. (ECF No. 21.) For the reasons set forth below, the Union's motion is hereby GRANTED.

**I.    BACKGROUND**

The Tribe owns and operates the Red Hawk Casino. The Union is a labor organization. The Tribe and the Union entered into a memorandum of agreement ("the MOA") that establishes procedures for organizing casino employees into a collective bargaining unit represented by the Union. (Pet. to Compel Arbitration ("Pet."), ECF No. 2 at ¶ 15; Resp. to Pet., ECF No. 18 at ¶ 15; *see also* ECF No. 2 Ex. A (the MOA).) The Union believes the Tribe violated the MOA

1

when it fired two employees, allegedly for supporting the Union. (ECF No. 20 at 1:23–25.)

Two provisions of the MOA are relevant here. First, Section 5(a) of the MOA requires the Tribe to remain neutral regarding its employees' decisions about union representation. (ECF No. 2 Ex. A at 4.) Specifically, Section 5(a) states:

> The Tribe shall advise Bargaining Unit Employees that it is neutral to their selection of the Union as their exclusive representative, if any, and shall not directly or indirectly state or imply opposition to the selection by Bargaining Unit Employees of the Union as their exclusive representative, if any, and shall so instruct all appropriate Managers.

(ECF No. 2 Ex. A at 4.) Second, Section 10 of the MOA provides a dispute resolution framework for disagreements between the Tribe and the Union "over the interpretation or application of" the MOA. (ECF No. 2 Ex. A at 7.) Specifically, Section 10 states in relevant part:

> The Parties agree that any disputes over the interpretation or application of this Agreement shall be submitted first to mediation arranged through a mutually agreeable mediator.... If after a minimum of 30 business days after submission of the dispute to a mediator, a mutually satisfactory resolution is not produced by mediation, or if after a maximum of 15 business days a mutually agreeable mediator is not chosen after impasse over any dispute, then either the Tribe or the Union may submit the dispute(s) to expedited and binding arbitration.... The arbitrator shall not modify, add to or subtract from this Agreement.

(ECF No. 2 Ex. A at 7.) Section 10 also carves out an exception, specifying that it shall not be used to "resolve any issues that are unresolved during the negotiation of a collective bargaining agreement." (ECF No. 2 Ex. A at 7.)

The Union believes the Tribe breached Section 5(a) when the Tribe discharged two employees, allegedly for their Union ties. (ECF No. 20 at 1:23–25.) The Tribe contends the MOA does not apply to employee termination decisions. (ECF No. 21 at 1:10–14.) The parties mediated the dispute, but could not reach a resolution. (ECF No. 2 at ¶ 23; ECF No. 18 at ¶ 23.) The Tribe refuses to arbitrate, maintaining that employee termination decisions are not within the scope of Section 5(a).

The Union initiated this lawsuit by filing a petition to compel arbitration pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (ECF No. 2.) The Union

now seeks judgment on the pleadings and a court order compelling arbitration.

## II. LEGAL STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings." *Westlands Water Dist. v. U.S., Dep't of Interior, Bureau of Reclamation*, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). In resolving the motion, the Court may consider documents attached as exhibits to the complaint. *Lewis v. Russell*, 838 F. Supp. 2d 1063, 1067 n.3 (E.D. Cal. 2012).

## III. DISCUSSION

This case implicates three distinct disagreements between the Tribe and the Union. First, the Tribe and the Union disagree about whether the Tribe breached Section 5(a) of the MOA. "That disagreement makes up the *merits* of the dispute." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995). Second, the Tribe and the Union disagree about whether they agreed to arbitrate the merits. "That disagreement is about the *arbitrability* of the dispute." *Id.* Third, the Tribe and the Union "disagree about *who should have the primary power to decide the second matter.*" *Id.* In this Order, the Court considers only the third disagreement.

"Generally, the question of whether a dispute is arbitrable is decided by the courts." *United Bhd. of Carpenters & Joiners of Am., Local No. 1780 v. Desert Palace, Inc.*, 94 F.3d 1308, 1310 (9th Cir. 1996) (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). But if the parties "clearly and unmistakably provide otherwise," *AT&T*, 475 U.S. at 649, the courts are "divested of their authority and an arbitrator will decide in the first instance whether a dispute is arbitrable," *Desert Palace*, 94 F.3d at 1310. In short, the parties may empower the arbitrator to decide arbitrability.

In labor contracts, the parties may do just that—"empower the arbitrator to decide arbitrability"—through the use of a broad arbitration clause. *New England Mech., Inc. v.*

*Laborers Local Union 294*, 909 F.2d 1339, 1345 (9th Cir. 1990). For example, in *Desert Palace* the Ninth Circuit held that a labor union and an employer "agreed to let the arbitrator decide arbitrability" by including in their collective bargaining agreement an arbitration clause requiring arbitration of "all disputes 'regarding the interpretation or application'" of their agreement. *Desert Palace*, 94 F.3d at 1310; *see also Pacesetter Const. Co. v. Carpenters 46 N. Cal. Ctys. Conference Bd.*, 116 F.3d 436, 439 (9th Cir. 1997) ("In *Desert Palace,* we held that a common 'broad arbitration clause' providing for arbitration of 'all disputes "regarding the interpretation or application"' of a collective bargaining agreement represented an agreement to permit the arbitrator to decide arbitrability."). At bottom, "a broad arbitration clause—even one that does not specifically mention *who* decides arbitrability—is sufficient to grant the arbitrator authority to decide his or her own jurisdiction." *Desert Palace*, 94 F.3d at 1311 (citing *S. Cal. Dist. Council of Laborers v. Berry Const., Inc.*, 984 F.2d 340, 344 (9th Cir. 1993)).

This case falls squarely within that rule. Like the arbitration clause in *Desert Palace*, Section 10 of the MOA provides for arbitration of "any disputes over the interpretation or application of" the MOA (except for unresolved disputes regarding collective bargaining negotiations, which are not relevant here). (ECF No. 2 Ex. A at 7.) Thus, the parties have reserved for the arbitrator the question of arbitrability. The Court is "divested of [its] authority and [the] arbitrator will decide in the first instance whether [this] dispute is arbitrable." *Desert Palace*, 94 F.3d at 1310.

The Tribe argues judgment on the pleadings is not appropriate because its answer and affirmative defenses raise issues of material fact. (ECF No. 21 at 4:2–17.) But the Tribe's pleadings do no such thing. As *Desert Palace* illustrates, the material fact is whether the parties agreed to let the arbitrator decide arbitrability. *Desert Palace*, 94 F.3d at 1310. Here, the Tribe admits that it is a party to the MOA along with the Union. (ECF No. 18 at ¶ 15.) The Tribe also admits the copy of the MOA attached to the Union's petition to compel arbitration (including the broad arbitration clause in Section 10) is true and correct. (ECF No. 18 at ¶ 15.) Finally, the Tribe admits it undertook a fruitless mediation with the Union, satisfying Section 10's condition precedent to arbitration. (ECF No. 18 at ¶ 23.) Those are the material facts, and all are admitted.

The Tribe also argues that extrinsic evidence creates a factual dispute precluding judgment on the pleadings. (*See* ECF No. 21 at 6:10–7:20.) But the Ninth Circuit's guidance in *Desert Palace* and its kin instructs that the broad arbitration clause at issue here unambiguously grants the arbitrator the authority to decide arbitrability. And the Court may not consider extrinsic evidence that contradicts the MOA's unambiguous terms, *Trs of S. Cal. IBEW-NECA Pension Trust Fund v. Flores*, 519 F.3d 1045, 1048 (9th Cir. 2008), so the Tribe's protestations are immaterial. Finally, the Tribe offers several reasons why the dispute about whether the Tribe breached Section 5 of the MOA is not arbitrable as a matter of law. (ECF No. 21 at 6:27–9:3.) Those arguments are better directed to the arbitrator: pursuant to Section 10 of the MOA, he will decide whether that dispute is arbitrable.

## IV. CONCLUSION

For the foregoing reasons, the Union's motion (ECF No. 20) is hereby GRANTED.

IT IS SO ORDERED.

Dated: July 12, 2017

Troy L. Nunley
United States District Judge

5