UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE INTERNATIONAL UNION,<br><br>    Petitioner,<br><br>    v.<br><br>SHINGLE SPRINGS BAND OF MIWOK INDIANS,<br><br>    Respondent. | No. 2:16-cv-00384-TLN-EFB<br><br>**ORDER** |

This matter is before the Court on Respondent Shingle Springs Band of Miwok Indians's ("the Tribe") Motion to Stay. (ECF No. 27.) Petitioner UNITE HERE International Union ("the Union") opposes this motion. (ECF No. 31.) The Court has carefully considered the arguments raised by the parties. For the reasons set forth below, the Tribe's Motion to Stay is DENIED.

**I.   ANALYSIS**

The Court need not set out the factual and procedural background in detail to resolve the instant motion. This Court's July 12, 2017 Order ("the July 2017 Order") (ECF No. 25) resulted in the judgment that the Tribe wishes to stay pending the outcome of its appeal. Before proceeding, the Court will briefly set out the applicable standard of review.

A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009)

1  (internal quotation marks and alterations omitted).  "The party requesting a stay bears the burden
2  of showing that the circumstances justify an exercise of that discretion."  *Id*. at 433–34.  "The fact
3  that the issuance of a stay is left to the court's discretion does not mean that no legal standard
4  governs that discretion."  *Id*. at 434 (internal quotation marks omitted).  "A party seeking a stay
5  must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm
6  in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public
7  interest."  *Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) (citing *Winter v.
8  Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

9  In other words, the "factors [that] inform . . . the decision to stay pending appeal . . . are
10  essentially the same as [those] applicable to a motion for a preliminary injunction[.]"  *Morgan
11  Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, No. 2:15-CV-00133-KJM-AC, 2015
12  WL 3623369, at *1 (E.D. Cal. June 9, 2015).  Consequently, the Court assumes the Ninth
13  Circuit's so-called "'serious question' approach" also applies to a motion for a stay pending an
14  appeal in the same manner it now applies to preliminary injunctions.  *See All. for the Wild
15  Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (explaining "the 'serious questions'
16  approach survive[d] *Winter* when applied as part of the four-element *Winter* test").  That is, there
17  is an alternative formulation that will also support the issuance of an order granting a motion for a
18  stay pending an appeal, even where the movant has not shown it is likely to succeed on the merits
19  of that appeal.  It operates as follows: "serious questions going to the merits and a balance of
20  hardships that tips sharply towards the [appellant] can support issuance of a [stay pending
21  appeal], so long as the [appellant] also shows that there is a likelihood of irreparable injury and
22  that the injunction is in the public interest."  *Id*. (internal quotation marks omitted).

23  The Court's analysis will be necessarily brief.  The Tribe is required to make a showing
24  under each of the four elements.  *Alliance for the Wild Rockies*, 632 F.3d at 1135.  As the Union
25  correctly observes, the portion of the Tribe's brief in support of the instant motion that
26  purportedly addresses the likelihood of its success on appeal does nothing of the sort.  (ECF No.
27  31 at 4.)  Rather, the Tribe "ignores" the substance of the July 2017 Order and the "series of
28  Ninth Circuit cases [set out in the July 2017 Order] about when an arbitrator may decide disputes

about arbitrability." (ECF No. 31 at 4.) The July 2017 Order turned on whether an identified portion of the arbitration clause at issue in this case "f[e]ll squarely within t[he Ninth Circuit's] rule" regarding when parties have "reserved for the arbitrator the question of arbitrability." (ECF No. 25 at 4.) The Tribe's submissions in connection with the instant motion do not attempt to articulate a colorable basis for disagreeing with the Court's conclusion. Simply put, the Tribe has not raised serious questions on the merits, let alone shown a likelihood of success. The Court declines to analyze the remaining factors.

For the foregoing reasons, Defendant's motion to stay is DENIED.

IT IS SO ORDERED.

Dated: December 7, 2017

Troy L. Nunley
United States District Judge